UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

---

**RICHARD LEONARD,**

    **Plaintiff,**

**v.**

                             **No.: _____**

**EARTH SOLUTIONS, INC.,**

                             **JURY DEMAND**

    **Defendant.**

---

## COMPLAINT

---

PLAINTIFF, RICHARD LEONARD, brings this action against the Defendant.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1332. The Court has personal jurisdiction over Plaintiff, who is a resident of Rutherford County, Tennessee. The Court has personal jurisdiction over Defendant, who is a resident of Rutherford County, Tennessee.

3. Venue also lies in this Court because a substantial part of the alleged events or omissions giving rise to this action occurred in this district, 28 U.S.C. § 1391.

4. Plaintiff is a former employee of Defendant. During his employment with Defendant, Plaintiff is and has been an employee under the FLSA.

5. Defendant is a covered employer under the FLSA. During the statutory period, Defendant

has been a person acting directly or indirectly in the interest of his status as an employer in relation to the Plaintiff and is thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. The Defendant is a business engaged in commercial enterprise. Defendant may be served with process by and through its registered agent, Jamie Helton, 9295 Christiana Fosterville Rd., Christiana, TN, 37037-5520.

## II. FACTUAL BASIS FOR SUIT

7. Plaintiff was employed as a heavy equipment operator and a "blaster" by Defendant from December, 2009, to June 10, 2013.

8. At the time he was terminated, Plaintiff made $16.50/hour and had consistently worked overtime hours for his entire tenure with Defendant.

9. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

10. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

11. Plaintiff was regularly and repeatedly not compensated for overtime hours worked.

12. Plaintiff was regularly and repeatedly worked "off the clock," thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation for all hours worked over forty (40). On occasion, Defendant purported to provide Plaintiff with "[c]arryover/overtime hours," which Plaintiff alleges is an illegal "compensatory time" or "comp time" scheme to avoid paying overtime hours.

2

### III. CAUSES OF ACTION

### Count 1

13. The forgoing facts are incorporated by reference as if fully stated herein.

14. Plaintiff brings the following causes of action against Defendant:

   A. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938;

   B. Unjust enrichment/Quantum Meruit/Breach of Contract; and

   C. Violation of the Tennessee Wage Regulation Act.

### IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

15. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. § 207;

16. A declaratory judgment that Defendant's violations of the FLSA were willful;

17. An award to Plaintiff of damages in the amount of unpaid compensation to be proven at trial;

18. An award to Plaintiff of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

19. An award to Plaintiff of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b);

20. A trial by jury; and

21. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted this the 16th day of July, 2013.

>Respectfully submitted,
>
>/s/ Kerry Knox
>Kerry Knox, TN No. 23302
>117 South Academy Street
>Murfreesboro, TN 37130
>(615) 896-1000
>kek@castelliknox.com
>
>/s/ Amy J. Farrar
>Amy J. Farrar, TN No. 24420
>Hagan & Farrar, PLLC
>106 North Church Street
>Murfreesboro, TN 37130
>(615)800-4747
>amy@haganfarrar.com
>
>Attorneys for Plaintiff