UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
RICHARD LEONARD,            )
                            )
        Plaintiff           )
                            )      No. 3:13-0699
v.                          )      Judge Trauger/Brown
                            )      Jury Demand
EARTH SOLUTIONS, INC.,      )
                            )
        Defendant           )
```

## O R D E R

Presently pending before the undersigned is the Plaintiff's motion to compel and for sanctions and attorneys' fees for the failure of the Defendant to comply with discovery deadlines (Docket Entry 19).

After a hearing in this matter on April 24, 2014, the motion to compel discovery and Rule 26 initial disclosures is **DENIED** as moot. Likewise, the Magistrate Judge declines to award attorneys' fees for either side in this matter.

As the Magistrate Judge noted during the hearing, there is a serious failure to communicate between the parties in this case. In the future, before filing anything the parties need to actually confer with each other. Emails are simply not cutting it.

The Defendant has now provided the discovery, although somewhat belatedly. Both sides seem to have treated answers to pleadings and discovery responses much like the Russians and United States exchanging prisoners across the Berlin bridge. Each side contended they could not do something because they were waiting on the other side. Of course, with this scenario, nothing gets done.

Given Judge Trauger's express instructions about discovery being furnished by the close of business on January 31, 2014, Defendant's counsel would have been well-advised to have sent the discovery to the Plaintiff before normal close of business on the 31st. The Defendant's argument that technically he fully complied by making material available misses the point of getting the job done. Additionally, when the Plaintiff did advise that he would be willing to take the discovery on a disc, despite the Defendant's promise that it was ready, it still took another 10 days to actually do it.

On the other hand, had the parties actually talked to each other they could well have been able to work the matter out a lot quicker without the necessity of filing a new motion the day after the discovery was due.

The Magistrate Judge then discussed with the parties what would need to be changed in the scheduling order itself. As he advised the parties, he discussed this matter with Judge Trauger and she has advised that she will reset this matter for trial on **February 3, 2015**. Judge Trauger will issue a separate order concerning her requirements for trial and for the final pretrial conference.

As discussed with the parties, all discovery in this matter will be completed by **June 30, 2014**. The parties are reminded that written discovery must be served at least **30 days** before that

deadline in order to be timely. At the present time the parties did not think they would be using experts.

Dispositive motions will be due **July 28, 2014.** Responses to dispositive motions shall be filed within **28 days** after service. Optional replies shall be filed within **14 days** after service of the response. Page limitations for briefs and optional replies will remain as previously set by Judge Trauger. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

The parties advised that they would be submitting their report on alternative dispute resolution to Judge Trauger on April 25, 2014, as originally scheduled.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge